IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PHILADELPHIA INDEMNITY INSURANCE
COMPANY                                                                                       PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 5:06cv183-DCB-JMR

TEQUILA T. THOMAS
ANTHONY JONES                                                                         DEFENDANT

**ORDER**

This matter comes before the Court on Defendant Tequila Thomas's Motion to Dismiss [**docket entry no. 4**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

**FACTS**

On September 7, 2003, Tequila Thomas was entrusted with a company van by her employer, Five County Child Development ("Five County"). After leaving a relative's house in Warren County, Mississippi, Thomas was accosted by an armed assailant, Anthony Jones.[1] Jones forced Thomas into the van and proceeded to drive away in the vehicle. Although Thomas escaped through the van's passenger-side door, she sustained severe injuries when Jones intentionally struck her with the van. At the time of the accident, Five County had an under-insured motorist (UIM) policy

---

[1] It is unclear whether Thomas was using her employer's van for personal or business use.

-1-

with Philadelphia Indemnity Insurance Company.  Thomas filed a claim with Philadelphia whereby she sought to recover under Five County's UIM policy.  Philadelphia denied Thomas's claim.

On September 6, 2006, Thomas filed suit in the Circuit Court of Warren County, Mississippi against Jones and Philadelphia.  In the state court action, Thomas claims that Philadelphia's denial of her UIM claim amounted to a bad faith breach of contract.  Three months after the initiation of the state court suit, Philadelphia filed suit in federal court seeking a declaration that Thomas was not qualified to receive coverage under Five County's UIM policy.  On March 1, 2007, Thomas filed a motion to dismiss with this Court, wherein she contends that since the state court action involves the same issues and parties as the federal suit, the action can be fully litigated in state court; thus, the federal suit should be dismissed.  Philadelphia argues that the Court should exercise its discretion and determine the sole issue of whether Thomas was covered by Five County's UIM policy.

## ANALYSIS

Section 2201 of Title 28 states, "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of

litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Accordingly, when deciding whether to exercise its discretion and decide the merits of a declaratory action, the Court should consider the practical implications of its actions. Id. at 289.

In a situation such as this one where the Court is asked to render a declaratory judgment "where another suit is pending in a state court presenting the same issues . . . between the same parties," Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942), the Fifth Circuit has provided a three-part test to aid district courts in determining whether to hear the action, Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000). First, the Court must determine whether the declaratory action is justiciable. Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 387 (5th Cir. 2003). The second inquiry requires the Court to ascertain whether it has the authority to grant the requested relief. AXA RE Prop. & Cas. Ins. Co. v. Day, 162 Fed. Appx. 316, 319 (5th Cir. 2006). If the first two inquiries are answered affirmatively, the Court should then decide whether it should exercise its discretion and make a decision of the merits. Id.; Sherwin-Williams, 343 F.3d at 387. This last analysis should be made in light of the seven factors enunciated in St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994).[2]

---

[2]The seven Trejo factors are:

(1) Whether there is a pending state action in which all

The plaintiff has clearly presented a justiciable declaratory action. "For a declaratory judgment action to be justiciable, it 'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'" Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967), quoted in AXA RE Prop., 162 Fed. Appx. at 319. Whether Thomas was covered by the Philadelphia UIM policy is a distinct, litigable issue. The coverage question is premised upon the particular factual scenario that unfolded on the night of September 7, 2003. As such, this is a situation where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Thus, the plaintiff has presented a justiciable issue, and the first Orix factor is met.

The next step is for the Court to determine whether it has

---

of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, whether the federal court is a convenient forum for the parties and witnesses . . . and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Trejo, 39 F.3d at 590-91.

authority to grant the plaintiff's requested relief.  Again, this inquiry involves a three-step analysis.  "A district court may not consider the merits of the declaratory judgment action when (1) a declaratory defendant has **previously filed** a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; **and** (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act."  Burlington Ins. Co. v. Mother's Land, Inc., 2007 WL 188655, at *2 (S.D. Miss. Jan. 3, 2007), quoting AXA RE Prop., 162 Fed. Appx. at 319.  See also Sherwin-Williams, 343 F.3d at 388, n.1.

At the time this federal action was filed, the declaratory defendant – Thomas – had previously filed a state court suit against the declaratory plaintiff – Philadelphia.  Moreover, at the heart of the state court action lies the issue of whether Thomas was entitled to coverage under her employer's UIM policy.  As stated by Philadelphia in its federal complaint, "A real controversy exists between Philadelphia and the Defendants as to whether the policy issued by Philadelphia provides uninsured motorist coverage to Thomas."  (Compl., at 4.)  Finally, inasmuch as the case at bar does not fall within one of the three exceptions to the general prohibition against federal courts enjoining state proceedings, this Court lacks the power to enjoin the state action under the Anti-Injunction Act.  Consequently, the Court finds that

-5-

it does not have the authority to grant Philadelphia's requested relief.[3] Penn. Gen. Ins. Co. v. CAREMARKPCS, 2005 WL 2041969 (N.D. Tex. Aug. 24, 2005) (dismissing action because the Court lacked authority to grant the plaintiff's requested relief under the three factors found in Sherwin-Williams).  Accordingly,

IT IS HEREBY ORDERED that Defendant Tequila Thomas's Motion to Dismiss [**docket entry no. 4**] is **GRANTED**.

IT IS FURTHER ORDERED that the plaintiff's complaint be dismissed so that this matter may be adjudicated in the Circuit Court of Warren County, Mississippi.

SO ORDERED, this the   31st   day of   May  , 2007.

                                           s/ David Bramlette
                                           UNITED STATES DISTRICT JUDGE

---

[3] Even if the Court did have the authority to grant a declaratory judgment in this case, it would exercise its discretion and not do so. The Trejo factors, which guide the Court when deciding whether to hear a declaratory action on the merits, weigh in favor of dismissal. See Federated Mut. Ins. Co. v. Vernon, 2002 WL 31992182 (N.D. Miss. Nov. 25, 2002) (dismissing insurer's declaratory action concerning UIM coverage because "all parties in this declaratory judgment proceeding are also parties to the state court case, and none of the claims are governed by federal law.")